UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent<br><br>v.<br><br>PAULINO MARTINEZ-ANDRADE,<br><br>    Defendant-Petitioner | CASE NO. 1:12-CR-372-1 AWI-BAM<br><br>**ORDER DENYING DEFENDANT'S PETITION UNDER 28 U.S.C. § 2255**<br><br>**ORDER DENYING REQUEST FOR EQUITABLE TOLLING AS MOOT**<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. Nos. 18 and 20) |

    Petitioner Paulino Martinez-Andrade brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his conviction for unlawful re-entry after deportation is constitutionally infirm in light of the Supreme Court's decision in *Sessions v Dimaya*, 138 S. Ct. 1204 (2018). See ECF No. 18.

    Petitioner asserts that in 2001 he was convicted of "criminal threats" under Cal. Penal Code § 422. He contends that after serving his 4-year sentence under the state conviction, "the INS initiated deportation proceedings" against him. *Id*. He asserts he was ultimately deported in 2008 because his state conviction qualified as a both an "aggravated felony" and "crime of violence" under 8 U.S.C. 1101(a)(43)(F) and 18 U.S.C. § 16(b). *Id*.

    Petitioner was then charged with re-entry under 8 U.S.C. § 1326(a)(2), and entered a plea of guilty in this Court in 2012; he is currently serving a 46-month sentence under this charge. *Id*. As part of his plea, Petitioner stated he "agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." *See Id*. at p.3.

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if the prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). The waiver must be express. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000); *see also United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]t is not a due process violation for a Petitioner to waive, in an otherwise valid plea agreement, the statutory right of appeal."). If a petitioner has effectively waived his rights to appeal and to post-conviction remedies, a district court would not have jurisdiction to hear such a challenge. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

Here, Petitioner waived his right to appeal and to file post-conviction proceedings, including relief under § 2255, in his Plea Agreement. *See* ECF No. 15 at p.3. Therein, Petitioner affirmed that his plea of guilty was "freely and voluntarily made" and was "not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement." *Id*. Waivers such as this are enforceable if they are made knowingly and voluntarily. *Nunez*, 223 F.3d at 956; *see also United States v. Trapp,* 257 F.3d 1053, 1056 (9th Cir. 2001) ("A plea agreement is a contract and subject to contract law standards."). Thus, the Court lacks jurisdiction to consider his claims. *Lampert*, 422 F.3d at 869.[1] Petitioner's motion for § 2255 relief is DENIED.

---

[1] Further, even if the Court had jurisdiction to consider Petitioner's claim that *Dimaya* compels a different result, the Court could not agree. The Ninth Circuit has foreclosed claims like Petitioners, seeking to vacate a conviction predicated on the theory that "criminal threats" are not "crimes of violence." *See Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131–32 (9th Cir. 2016) ("Finally, Dimaya does not compel a different conclusion. In *Dimaya*, we

*Certificate of Appealability*

A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the Court has denied a § 2255 motion or claims within the motion on the merits, a Petitioner must show that reasonable jurists would find the Court's decision on the merits to be debatable or wrong. *Id*.

The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2255 Motion (ECF No. 18) is DENIED;
2. Petitioner's "Request for Equitable Tolling" (ECF No. 20) is DENIED as moot;
3. The Court DECLINES to issue a certificate of appealability; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: March 19, 2019

_____
SENIOR DISTRICT JUDGE

---

concluded that 8 U.S.C. § 1101(a)(43)(F)'s definition of "crime of violence" was void for vagueness as it related to 18 U.S.C. § 16(b). However, *Dimaya* did not "cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." 803 F.3d at 1120 n.17. . . Thus, applying our precedent, [Cal. Penal Code] section 422 is categorically a crime of violence under [18 U.S.C. §16(a)].").